USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS ANGEL PEREZ,

                              Plaintiff,

          -v-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.

------------------------------------------------------------X

15 Civ. 7156 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Luis Angel Perez brings this action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, and the New York State and New York City Human Rights Laws, New York Executive Law §§ 290–301, New York City Administrative Code §§ 8-101–8131, alleging that the New York City Department of Education ("DOE") subjected him to disparate treatment because of his race, national origin, religion, gender, age, and disability. DOE moved to dismiss all claims in Perez's Amended Complaint ("Am. Compl."). Now before the Court is the August 2, 2017, Report and Recommendation of the Hon. Kevin Nathaniel Fox, United States Magistrate Judge, recommending that the Court grant the motion to dismiss, Dkt. 42 ("Report"), as well as Perez's objections to the Report, Dkt. 43 ("Objections"), and DOE's opposition to Perez's Objections, Dkt. 44.

For the following reasons, the Court adopts the recommendation of the Report and dismisses this action.

1

## I. Background

The Court has carefully reviewed Perez's Amended Complaint, Dkt. 8, the DOE's motion to dismiss, Dkt. 31, the documents appended to the declaration of Evan M. Piercey in support of DOE's motion, Dkt. 32 ("Piercey Decl."), the Report, and Perez's Objections. Like Judge Fox, this Court liberally construes Perez's submissions, in light of his *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Perez has been employed by DOE since 2006, primarily as a middle school mathematics and science teacher at the Amistad Dual Language School in Manhattan. Am. Compl. 1. He is a Latino male of Puerto Rican ancestry and a Buddhist. Am. Compl. 1.

Perez was a classroom teacher until the beginning of the 2014–2015 school year, when he was reassigned to administrative duties because of charges DOE filed against him, *see* Dkt. 37 at 7, 12, for "neglect of duty, unprofessional conduct, incompetent and inefficient service, and unwillingness and/or inability to follow procedures and carry out normal duties during the 2011-2012, 2012- 2013 and 2013-2014 school years," *see* Piercey Decl., Ex. B.

## II. Procedural History

In April 2015, Perez began pursuing this discrimination action with a claim before the EEOC. *See* Report 6. On July 13, 2015, he received a notice of his right to sue. On September 9, 2015, he filed this suit. On October 30, 2015, then-Chief Judge Preska granted his request to proceed *in forma pauperis*. Dkt. 3. Perez later filed the Amended Complaint, which is now the operative complaint. Dkt. 8.

In August 2016, this case was reassigned to my docket. In January 2017, this Court denied without prejudice Perez's application for appointment of counsel. Dkt. 29. Because DOE had not yet responded to the Amended Complaint, the Court could not reasonably assess

the merits of Perez's claims. *See id.* And because the merits are "[t]he factor which command[s] the most attention" in a Court's determination of whether to grant a plaintiff's request for counsel, *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989), the Court denied Perez's request with leave to renew the request later in the case. Dkt. 29. Perez did not renew that request.

On February 3, 2017, DOE moved to dismiss Perez's claims. Dkt. 30. On February 14, 2017, this Court referred the matter to Magistrate Judge Fox for pretrial supervision and to prepare a report and recommendation.

On August 2, 2017, Judge Fox issued his Report, recommending that DOE's motion to dismiss be granted. *See* Dkt. 42. On August 16, 2017, Perez filed the Objections, and on August 31, 2017, the DOE filed its opposition to those Objections.

### III. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to the magistrate judge's report, however, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997). When the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error, *see Genao v. United States,* No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge,* 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases), even in the case of a *pro se* plaintiff, *see Parlin Funds LLC v. Gilliams,* No. 11 Civ. 2534 (ALC) (MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal*

*Dutch Airlines,* 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). While *pro se* parties are, as always, treated leniently in making objections, their objections to a Report "must be specific and clearly aimed at particular findings." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order).

To the extent Perez merely recapitulates the allegations in his Amended Complaint, review for clear error is appropriate here. Moreover, objections to a magistrate judge's report are not the vehicle for supplementing the record or making additional allegations. Thus, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York,* No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted); *see also Pan Am. World Airways v. Int'l Bhd. Of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990). To the extent Perez presents new evidence and arguments in his objection, this Court will not "allow[] [him] a 'second bite at the apple.'" *Pinkney*, 2008 WL 2811816, at *1.

Perez makes five specific objections, which this Court reviews *de novo*.

## IV. Perez's Objections

### A. Adverse Employment Action

In dismissing Perez's claims under Title VII, the ADEA, and the ADA, Judge Fox noted that the Amended Complaint did not allege that positions existed for which Perez had requested promotion and was denied. Objections at 3, 13. As Perez notes, while the Amended Complaint did not allege that he had been denied promotions, it did allege that he had been denied "appropriate salary adjustments" commensurate with completing a masters degree. Am. Compl. 29, ¶ 5. The Court assumes, *arguendo*, that the denial of these "salary adjustments" constituted

4

an adverse employment action. The allegation of such a denial, however, does not sustain Perez's claims because the Amended Complaint does not adequately plead that this denial was the result of unlawful discrimination.

Perez's claims under Title VII, the ADEA, and the ADA[1] all require a causal connection between his alleged disability, under the ADA; his age, under the ADEA; or his race, sex, national origin, or religion, under Title VII; and the alleged adverse employment action.

As to Title VII, to state a claim, a plaintiff's "complaint must provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Thus, Title VII "requires a plaintiff asserting a discrimination claim to allege" not only that the employer discriminated against him, but also that the employer did so "*because* of his race, color, religion, sex, or national origin." *Vega*, 801 F.3d at 85 (emphasis added). An adverse employment "action is 'because of' a plaintiff's race, color, religion, sex, or national origin where it was a 'substantial' or 'motivating' factor contributing to the employer's decision to take the action." *Id.*; *see also Desert Palace, Inc. v. Costa,* 539 U.S. 90, 101, (2003) ("[A] plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was *a motivating factor* for any employment practice.'" (emphasis added)) (quoting 42 U.S.C. § 2000e–2(m))). These allegations must also be "plausible." That is, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that

---

[1] The Amended Complaint makes eight claims: that Perez was discriminated against with respect to compensation in violation of the ADEA, Title VII, and the ADA, that he was discriminated against with respect to the terms and privileges of his employment in violation of the ADEA, Title VII, and the ADA, and that he was discriminated against with respect to the conditions of his employment in violation of the ADEA and Title VII.

5

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Title VII plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87.

Here, however, Perez has not pled facts that plausibly allege any connection between the alleged adverse employment action—the failure to provide annual salary adjustments—and Perez's race, color, national origin, or sex. As Judge Fox correctly observed, the Amended Complaint's claims are wholly conclusory that any action that adversely affected Perez resulted from any of these protected characteristics.

Perez's ADA claims suffer from the same infirmity. An ADA plaintiff must allege "'that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Osby v. City of New York*, 633 F. App'x 12, 13 (2d Cir. 2016) (quoting *Vega*, 801 F.3d at 87). While this presents only a "minimal burden," *Osby*, 603 F. App'x at 13, it is not met here. The Amended Complaint does not plausibly allege that any adverse employment action DOE took against him—including the failure to give him salary adjustments—was taken, at least in part, because of any disability Perez has.

The ADEA's requirements for pleading causation are more stringent. A plaintiff alleging age discrimination must allege "that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *see also Vega*, 801 F.3d at 86. As Perez acknowledges in his objections, his Amended Complaint did not allege a but-for relationship between his age and any adverse action. *See* Objections 10. A plaintiff, even one

6

who is *pro se,* must set out facts establishing the elements of his claim. The Amended Complaint, however, contains nothing more than the conclusory claim that DOE discriminated against him because he was 40 years old.

The Court, accordingly, holds that Perez's first objection—that Judge Fox did not take account of his claim to have been denied salary adjustments—does not provide a basis to sustain any of his federal claims.

### B. Continuing Violation

Perez also objects to Judge Fox's conclusion that he failed to allege a continuing violation. *See* Objections 3–9, 12. Perez's Amended Complaint does not support such a theory. It nowhere alleges that DOE's alleged discrimination against him was continuing in nature. The "continuing violation doctrine applies 'to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists.'" *Valtchev v. City of New York*, 400 Fed. App'x. 586, 588 (2d Cir. 2010) (quoting *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir. 1993)). "[M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id.* at 588–89. The Amended Complaint does not allege that DOE had any such specific discriminatory policy or mechanism.

### C. Other Objections

Perez's other objections are not relevant to the bases on which the Report recommended dismissal. First, Perez objects to the Report's statement as to the date on which Perez filed his EEOC charge. Perez states he filed the charge on April 10, 2015, not on June 11, 2015, as the Report states. The correct date is difficult to determine from the record—Perez's Amended Complaint is silent on that point—but it is also irrelevant here. As explained above and by

7

Judge Fox, Perez's claims, whether time-barred or not, do not state a plausible claim under the standards of Rule 12(b)(6). Second, Perez objects to Judge Fox's characterization of Perez's alleged sexual impropriety. Objections 12. That, too, is irrelevant to whether he has stated a federal claim. Finally, Perez also objects to the fact that Judge Fox's Report does not mention that DOE officials allegedly interfered with his application to a Ph.D. program at City College. Objections 13. That allegation, however, is of no moment. Even assuming, *arguendo*, that such interference constituted an adverse employment action, the Amended Complaint does not adequately allege that such interference resulted from discrimination on the basis of a protected characteristic.

### V. Clear Error Review

This Court reviews the remainder of Judge Fox's conclusions for clear error and finds none. Judge Fox properly rejected DOE's argument that this Court lacks subject matter jurisdiction because Perez failed to exhaust his administrative remedies. In this Circuit, exhaustion of administrative remedies is not jurisdictional under Title VII, and likely not jurisdictional under the ADA or ADEA. *See Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (Title VII); *accord Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016) (ADA); *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 352 (E.D.N.Y. 2013) (ADEA).

The Court finds no clear error in Judge Fox's dismissal of Perez's Title VII, ADEA, and ADA claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), to the extent not addressed above. As discussed above, among other deficiencies in Perez's complaint, he failed to allege any causal link between his race, religion, or sex, under Title VII; his age, under the ADEA; and his disability, under the ADA; and any alleged discrimination against him.

8

Nor is there any error in Judge Fox's conclusion that Perez failed to allege that he is a person with a disability as that term is defined by the ADA. 42 U.S.C. § 12102(1); *see Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 68 (2d Cir. 2014).

Finally, this Court finds no error in Judge Fox's decision to dismiss without prejudice Perez's state- and municipal-law claims. Federal district courts, although of limited jurisdiction, may exercise jurisdiction over state-law claims "that are so related to claims in the action" giving rise to federal jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C § 1367(a). But such courts "may decline to exercise" this so-called "supplemental" or "pendant" jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c). Generally, where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (internal quotations omitted). Judge Fox therefore did not err in dismissing Perez's claims under New York law. Nothing in Judge Fox's Report or this decision, however, bars Perez from pursuing his state- and municipal-law claims in state court.

The Court therefore adopts Judge Fox's Report in its entirety, as supplemented by the discussion above.

## CONCLUSION

For the foregoing reasons, the Court grants DOE's motion to dismiss the Amended Complaint. Perez's federal claims are dismissed with prejudice; Perez's claims based on state

and municipal law are dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 30 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 15, 2017
       New York, New York